IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EULA COIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0151-CV-W-DW |
| | ) | |
| RECOVERY MANAGEMENT | ) | Circuit Court of Jackson County, |
| CORPORATION d/b/a CARGO LARGO, | ) | Missouri (Kansas City) |
| | ) | |
| Defendant. | ) | Circuit Case No. 04-CV-235041 |
| | ) | Division No. 15 |

## ORDER

Before the Court is Plaintiff's Motion to Remand this case to state court (Doc. 7). Plaintiff filed this cause of action for negligence and negligence *per se* in February of this year in the Circuit Court of Jackson County, Missouri. Defendant timely removed this case to federal court pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1441 and 28 U.S.C. § 1446. Defendants have filed their suggestions in opposition, and Plaintiff has filed her reply suggestions. After careful consideration of the parties' arguments, the Court concludes that it lacks subject matter jurisdiction over the removed complaint and GRANTS Plaintiff's Motion to Remand.

It is well established that the defendant is charged with the burden of proving that removal to federal court was proper and that all prerequisites to removal have been satisfied. See Hartridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed; any doubt as to the propriety of removal is to be construed against removal jurisdiction. Williams v. SafeCo Ins. Co., 74 F.Supp.2d 925, 928 (W.D. Mo. 1999). Defendant maintains that the Court has jurisdiction over Plaintiff's negligence *per se* action pursuant to 28 U.S.C. § 1331

due to plaintiff's allegations of violations of the regulations promulgated under the Americans with Disabilities Act (ADA). For a case to be removed as a federal question case, it must be one that could have been brought in a district court under Section 1331. The well pleaded complaint rule provides that the federal court must look at whether the plaintiff states a federal claim on the face of the complaint. Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

A federal question is raised when plaintiff's well pleaded complaint establishes that (1) federal law creates the cause of action asserted; or (2) Plaintiff's claims necessarily turn on the resolution of a substantial question of federal law. McNeill v. Franke, 171 F.3d 561, 563-564 (8th Cir. 1999) (*citing* Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807-810, 106 S.Ct. 3229, L.Ed.2d 650 (1986); Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 7-12, 27-28, 102 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

In the instant case, plaintiff has not asserted a cause of action under the ADA but a negligence *per se* claim under Missouri common law. As this case does not involve the assertion of a federally created cause of action, the relevant test is whether adjudication of plaintiff's negligence *per se* claim requires "resolution of a substantial question of federal law." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. at 808-809; Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. at 13.

Defendant argues that this court has federal question jurisdiction over plaintiff's negligence *per se* claim by virtue of the existence of a private cause of action under the ADA. Defendant relies on Merrell Dow to argue that a private right of action for violations of the ADA sufficiently establishes

2

Section 1331 federal question jurisdiction.  See Defendant's Suggestions in Opposition to Plaintiff's Motion for Remand, at 3.  However, under Merrell Dow, such reliance is misguided.  In Merrell Dow the plaintiff alleged that the defendants' violation of the Federal Food, Drug, and Cosmetic Act (FDCA) established a rebuttable presumption of negligence in his state law products liability action.  After the case was removed to federal court, the Supreme Court held that where a federal law that serves as an element of a state law claim does not create a private right of action, then the federal element is "insufficiently 'substantial' to confer federal-question jurisdiction."  Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. at 814.

While Merrell Dow stands for the proposition that a state law claim based on violation of a federal law which lacks a private cause of action does not give rise to federal question jurisdiction, the converse is not true.  The existence of a private cause of action in a federal statute does not, as Defendant would hope, automatically create federal question jurisdiction whenever it plays a role in the resolution of a state claim.  McNeil v. Franke, 171 F.3d 561, 564 (8th Cir. 1999) (The mere existence of a cause of action in a federal statute is insufficient to transform the action into a federal case).

Here, an element of plaintiff's negligence *per se* claim incorporates a violation of a federal duty, namely the duty to adhere to safety standards promulgated under the ADA.  The ADA authorizes a private right of action for injunctive relief and other equitable relief, but does not provide a federal right of action for the compensatory damages Plaintiff seeks.  42 U.S.C. § 12188(a)(1) & (2).  Congress chose not to provide the damages remedy plaintiff seeks and its failure to do so is "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."  Merrell Dow

Pharmaceuticals Inc. v. Thompson 478 U.S. at 814. Jairath v. Dyer, 154 F.3d 1280, at 1284 (11th Cir. 1998) (Congressional intent not to provide for monetary damages under Title III was equivalent to the failure to provide for a private right of action as found in Merrell Dow).

Accordingly, this court lacks jurisdiction over plaintiff's claims as plaintiff's citation of a federal regulation promulgated under a federal law which provides for a private federal remedy is "simply not enough to show congressional intent" that the federal courts should exercise jurisdiction over Plaintiff's negligence *per se* claim. See Harding-Wright v. District of Columbia Water and Sewer Authority, 350 F.Supp.2d 102, 107 (D.C. Cir. 2005), Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 153.

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand.

        /s/ DEAN WHIPPLE
           Dean Whipple
      United States District Judge

Date: May 16, 2005